ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 2 0 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

LUCILENE FELIPE DOS SANTOS,
a/k/a Lucilene Felipe Santos
Lopes, VIVIANE CHRISTINA CHAGAS,
and JURANI FELIPE PINTO,

Defendants.

CRIMINAL INDICTMENT

NO. 1:05CR613

THE GRAND JURY CHARGES THAT:

Introduction

At all times material to this criminal indictment:

1. Defendants LUCILENE FELIPE DOS SANTOS, a/k/a Lucilene Felipe Santos Lopes, VIVIANE CHRISTINA CHAGAS, and JURANI FELIPE PINTO, are Brazilian nationals.

2. AMDCS, RJDS, GDOS and KADOS are the victims of defendants' criminal misconduct specifically identified in this indictment. They are referred to herein by their initials and are sometimes generally referred to as "young Brazilian females" or "young Brazilian female aliens." Each is a Brazilian national.

COUNT ONE

Beginning in or about February 2005 and continuing through on or about September 1, 2005, in the Northern District of Georgia and elsewhere, the defendants LUCILENE FELIPE DOS SANTOS, VIVIANE

CHRISTINA CHAGAS, and JURANI FELIPE PINTO, did knowingly and willfully combine, confederate, conspire and agree with one another and others known and unknown to the grand jury to commit certain offenses against the United States, specifically:

(a) knowingly transporting young Brazilian females in foreign and interstate commerce, with the intent that such young Brazilian females engage in prostitution, as prohibited by Title 18, United States Code, Section 2421;

(b) knowingly persuading, inducing, and enticing young Brazilian females to travel in interstate and foreign commerce, to engage in prostitution, as prohibited by Title 18, United States Code, Section 2422(a);

(c) importing young Brazilian female aliens into the United States for the purpose of prostitution and other immoral purposes, and keeping, maintaining, controlling, supporting, employing and harboring such young Brazilian female aliens in various places for the purpose of prostitution and other immoral purposes, in pursuance of such illegal importation, as prohibited by Title 8, United States Code, Section 1328;

(d) knowing and in reckless disregard of the fact that the young Brazilian females, all aliens, had not received prior official authorization to come into, enter, or reside in the United States, bringing those young

        Brazilian females into the United States for the purpose of commercial advantage and private financial gain, as prohibited by Title 8, United States Code, Section 1324(a)(2)(B)(ii); and

  (e)  knowing and in reckless disregard of the fact that the young Brazilian females had come into, entered, and remained in the United States in violation of law, concealing, harboring and shielding them from detection and attempting to do so, in various places in the United States, as prohibited by Title 8, United States Code, Section 1324(a)(1)(A)(iii);

All in violation of Title 18, United States Code, Section 371.

## Object of the Conspiracy

1. The object of the conspiracy was to bring young Brazilian females into the United States to engage in prostitution in the metropolitan area of Atlanta, Georgia.

## Manner and Means of the Conspiracy

2. It was part of the conspiracy that conspirators recruited and enticed young Brazilian females to come to the United States from Brazil to engage in prostitution.

3. It was further part of the conspiracy that conspirators arranged to smuggle, and did smuggle, the young Brazilian females into the United States for the purpose of engaging them in prostitution.

4. It was further part of the conspiracy that conspirators transported the young Brazilian females great distances from Brazil and across the United States to the Atlanta, Georgia, metropolitan area for the purpose of engaging them in prostitution.

5. It was further part of the conspiracy that, after conspirators transported the young Brazilian females to the Atlanta, Georgia, metropolitan area, conspirators harbored them in various apartments, including but not limited to 1305 Tree Lodge Parkway, Dunwoody, Georgia; 1507 Tree Lodge Parkway, Dunwoody, Georgia; and 550 Abernathy Road, Building G, Apartment 644, Atlanta, Georgia.

6. It was further part of the conspiracy that, while conspirators harbored the young Brazilian females at various apartments, conspirators induced them to engage in prostitution at 550 Abernathy Road, Building G, Apartment 644, Atlanta, Georgia.

7. It was further part of the conspiracy that the conspirators generally required the young Brazilian females to turn over to the conspirators half of the money paid by the "johns" for having sex with the Brazilian females.

## Overt Acts

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, at least one of the defendants committed or caused to be committed at least one of the following overt acts, among others, in the Northern District of Georgia and elsewhere:

8.   In or about February 2005, defendants LUCILENE FELIPE DOS SANTOS and VIVIANE CHRISTINA CHAGAS together leased the apartment at 550 Abernathy Road, Building G, Apartment 644, for the purpose of causing young Brazilian females to engage in prostitution there.

9.   In or about March 2005, defendant LUCILENE FELIPE DOS SANTOS, together with a co-conspirator known to the grand jury only as "Renota," arranged to smuggle AMDCS into the United States from Brazil, via Mexico, and to have AMDCS delivered to defendant LUCILENE FELIPE DOS SANTOS at 1507 Tree Lodge Parkway, Dunwoody, Georgia, in return for a fee of $8,000.00, of which $5,500.00 was paid in advance.  "Renota" told AMDCS that she would be given a job selling clothes in the United States.

10.   Upon the arrival of AMDCS at 1507 Tree Lodge Parkway, defendant LUCILENE FELIPE DOS SANTOS told AMDCS that there was no sales job for her, and that she could make a lot of money by having sex with men.  A man known to the grand jury only as "Fred" also tried to persuade AMDCS to prostitute for defendant DOS SANTOS.

11.   Upon the refusal of AMDCS to work as a prostitute, defendant LUCILENE FELIPE DOS SANTOS tried unsuccessfully to persuade AMDCS to work in the sex trade, and eventually employed AMDCS as a house-cleaner and caretaker of the children of defendant LUCILENE FELIPE DOS SANTOS.

12.   In or about May 2005, defendant JURANI FELIPE PINTO traveled from Atlanta to Brazil, where she met with RJDS and KADOS,

and recruited them to come to Atlanta, promising them paying jobs as maids, waitresses, or workers in a store or beauty salon that PINTO owned jointly with LUCILENE FELIPE DOS SANTOS.

13. In or about May 2005, defendant JURANI FELIPE PINTO received about $7,000.00 from the parents of KADOS to pay for smuggling KADOS into the United States.

14. In or about May 2005, defendant LUCILENE FELIPE DOS SANTOS purchased airline tickets for RJDS and KADOS to fly from Brazil to Mexico City, where defendant DOS SANTOS made hotel reservations for them.

15. In or about May 2005, defendant LUCILENE FELIPE DOS SANTOS instructed RJDS, GDOS and KADOS on what to say if they were apprehended by immigration authorities in the United States; defendant DOS SANTOS also provided the victims with different addresses they were to give immigration authorities as the addresses to which they were traveling in Atlanta.

16. On or about May 9, 2005, defendant JURANI FELIPE PINTO gave the tickets purchased by defendant LUCILENE FELIPE DOS SANTOS to RJDS, GDOS and KADOS, and transported them to the airport to begin their trip from Brazil to the United States.

17. In or about May 2005, defendant LUCILENE FELIPE DOS SANTOS arranged for a male smuggler, whose name is unknown to the grand jury, to pick up RJDS, GDOS and KADOS at their Mexico City hotels, take them to the town of Renosa, Mexico, near the Rio

Grande River, and smuggle them across the river into the United States.

18. Upon the arrival of RJDS, GDOS and KADOS in Atlanta, defendant LUCILENE FELIPE DOS SANTOS told them they were going to work as prostitutes, took semi-nude photographs of them, and told them their families would find out they were working as prostitutes.

19. In or about May 2005, defendant VIVIANE CHRISTINA CHAGAS told KADOS that KADOS was going to work as a prostitute and make lots of money. At about the same time, defendant VIVIANE CHRISTINA CHAGAS also taught KADOS how a prostitute should perform sex, including a preliminary massage.

## COUNT TWO

1. Paragraphs 1 through 19 of Count One are hereby repeated and realleged as though fully set forth herein.

2. Between in or about March 2005 and on or about May 15, 2005, in the Northern District of Georgia and elsewhere, the defendants LUCILENE FELIPE DOS SANTOS and JURANI FELIPE PINTO, aided and abetted by each other and by others unknown to the grand jury, knowingly did persuade, induce and entice AMDCS, RJDS, GDOS and KADOS to travel in foreign and interstate commerce to engage in prostitution, and did attempt to do so, in violation of Title 18, United States Code, Sections 2422(a) and 2.

COUNT THREE

1.   Paragraphs 1 through 19 of Count One are hereby repeated and realleged as though fully set forth herein.

2.   From in or about March 2005, through on or about May 15, 2005, in the Northern District of Georgia and elsewhere, the defendants, LUCILENE FELIPE DOS SANTOS and JURANI FELIPE PINTO, aided and abetted by each other and by others unknown to the grand jury, knowingly did transport AMDCS, RJDS, GDOS and KADOS in foreign and interstate commerce with the intent that AMDCS, RJDS, GDOS and KADOS engage in prostitution, in violation of Title 18, United States Code, Sections 2421 and 2.

COUNT FOUR

1.   Paragraphs 1 through 19 of Count One are hereby repeated and realleged as though fully set forth herein.

2.   From in or about March 2005, through on or about September 1, 2005, the defendants LUCILENE FELIPE DOS SANTOS, VIVIANE CHRISTINA CHAGAS, and JURANI FELIPE PINTO, aided and abetted by each other and by others unknown to the grand jury, did import and attempt to import AMDCS, RJDS, GDOS and KADOS, all aliens, into the United States for the purpose of prostitution and other immoral purpose, and did keep, maintain, control, support, employ and harbor said RJDS, GDOS and KADOS in various apartments in the metropolitan Atlanta, Georgia, area, for the purpose of

prostitution and other immoral purpose, in pursuance of such illegal transportation, all in violation of Title 8, United States Code, Section 1328, and Title 18, United States Code, Section 2.

### COUNT FIVE

1. Paragraphs 1 through 19 of Count One are hereby repeated and realleged as though fully set forth herein.

2. From in or about March 2005, through on or about May 15, 2005, in the Northern District of Georgia and elsewhere, the defendants, LUCILENE FELIPE DOS SANTOS and JURANI FELIPE PINTO, aided and abetted by each other and by others unknown to the grand jury, knowing and in reckless disregard of the fact that AMDCS, RJDS, GDOS and KADOS, all aliens, had not received prior official authorization to come into, enter, or reside in the United States, did bring AMDCS, RJDS, GDOS and KADOS to the United States for the purpose of commercial advantage and private financial gain, all in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

### COUNT SIX

1. Paragraphs 1 through 19 of Count One are hereby repeated and realleged as though fully set forth herein.

2. Between in or about March 2005 and on or about September 1, 2005, in the Northern District of Georgia, the defendants

LUCILENE FELIPE DOS SANTOS, VIVIANE CHRISTINA CHAGAS and JURANI FELIPE PINTO, aided and abetted by one another and by others unknown to the grand jury, knowing and in reckless disregard of the fact that AMDCS, RJDS, GDOS and KADOS had come to, entered and remained in the United States in violation of law, did harbor AMDCS, RJDS, GDOS and KADOS in various places in the United States, all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii), and Title 18, United States Code, Section 2.

A _____ BILL

_____
FOREPERSON

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

JANE WILCOX SWIFT
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 758450

FRANCEY HAKES
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 317420

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6000